## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY WAYNE SHARP,**

    **Petitioner,**

**v.**                                                                        **Civil Action No. 5:19cv232**
                                                                        **(Judge Bailey)**

**R. HUDGINS, Warden, FCI Gilmer,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.     Introduction

On August 1, 2019, the petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned for submission of a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. The matter is before the court for an initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief.

### II.     Background

On August 17, 2015, a four-count Indictment was returned against the petitioner and one co-defendant in the United States District Court for the Northern District of West Virginia. The petitioner only was charged in Count One of that Indictment, which alleged that after having previously been convicted of a crime punishable by imprisonment for term exceeding one year, he knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1). On March 10, 2006, the petitioner was committed to the custody of the Bureau

of Prisons for a term of 110 months to run consecutively with any sentence imposed in the 91st District Court, Eastland County, Texas. The petitioner's current projected release date via good conduct time is October 6, 2020.

### III. The Petition

The Petitioner is currently incarcerated at FCI Gilmer and is seeking a judicial order directing the BOP to place him on home confinement in compliance with the provisions of the First Step Act, More specifically, the petitioner requests that this Court "grant him a JUDICIAL ORDER affording him the Residential Re-Entry Center (RRC), Halfway House Placement Time of 12 months, preceding the end of his current sentence, or in the alternative, allow him to be placed on 'Home Confinement,' pursuant to the provision(s) which are 'clearly' outlined in the First Step Act of 2018…" ECF No. 1-1 at p. 2. [1]

### IV. Standards of Review

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged

---

[1] On February 26, 2019, the petitioner filed with the sentencing court a "Motion Requesting Judicial Order for Compliance with Statutory Eligibility of 12 Month Placement in Halfway House Thereunder the Second Chance Act Pursuant to 18 U.S.C. § 3621 and the First Step Act of 2018 [all sic]. On May 6, 2019, the petitioner filed a "Motion Seeking Judicial Notice Pursuant to Fed R Civ 201(c), in Compliance with 18 U.S.C. § 3624(c)(2) and Sec 602 for Placement on Home Confinement Provision[s] [all sic]." In these motions, the petitioner requested that the sentencing court order the Bureau of Prisons to release him to home confinement for six months or the maximum time allowable and place him in an RRC for 12 months. He argued that the First Step Act mandated his placement in these programs. On June 25, 2019, the sentencing court found that these requests were more properly considered as a petition pursuant to 28 U.S.C. § 2241. Because the petitioner was incarcerated at FCI Gilmer, the sentencing court transferred the matter to this Court. Upon receipt of the transfer, the petitioner was issued a Notice of Deficient Pleading and Intent to Dismiss because his petition was not on this Court's approved form. See 5:19cv204. When the petitioner refiled his petition on the Court-approved form, this action was opened.

with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal, but for one issue. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief with respect to his request for RRC placement or home confinement.

### V.   Analysis

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." See 18 U.S.C. § 3624(c)(l). The statute provides that those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-

way house." The statute provides that the decision to confine a prisoner in a "half-way" house shall be made on an individual basis and shall be made considering several factors, most of which are identified in 18 U.S.C. 362l (b). See Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008) (BOP may consider factors in addition to those identified in 3621(b)). The factors identified in 18 3621(b) are as follows:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

However, a prisoner is not automatically entitled or guaranteed such placement for any minimum period. 18 U.S.C. § 3624(c). The First Step does not alter this rule.

With respect to home confinement, the First Step Act amended 18 U.S.C. § 3624(c)(2) to provide:

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2); First Step Act of 2018, § 602, 132 Stat. at 5238.

It is well established that an inmate has no constitutional right to be confined to a particular institution, Meachum v. Fano, 427 U.S. 215, 223 (1976), nor any "justifiable

expectation" that he will be confined in a particular prison. Olim v. Waukinekona, 461 U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC or on home detention prior to his release, and the decision whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred.

The petitioner makes no claim that the BOP has committed a constitutional violation, and in fact, he makes no allegation that the BOP has denied him RRC placement or a term of home confinement. Rather, the petitioner is requesting that this Court order the BOP to place him in an RRC for twelve months or, in the alternative, place him on home confinement. This Court does not have to authority to do so.

### VI. Recommendation

Based on the foregoing reasoning, the undersigned recommends that the petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Pasha by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 6, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE